## J. E. BATES & CO., Inc., v. A. J. BATES CO.

(Court of Appeals of District of Columbia. Submitted January 19, 1925. Decided April 6, 1925.)

No. 1714.

**Trade-marks and trade-names and unfair competition ⟲21—Division of assets on dissolution of partnership held to entitle assignee of one partner to registration of trade-mark.**

Dissolution of partnership which had been using particular trade-mark, and transfer of shoe factory to one partner, with all assets pertaining thereto, *held* to transfer right to use that mark and authorize such partner's assignee to registration of mark under 10-year clause of Act Feb. 20, 1905, § 5 (Comp. St. § 9490).

Appeal from Commissioner of Patents.

Proceeding for cancellation of trade-mark by J. E. Bates & Co., Inc., against the A. J. Bates Company. Decree for the latter, and the former appeals. Affirmed.

W. F. Hall, of Washington, D. C., for appellant.

E. T. Fenwick, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal by J. E. Bates & Co., Inc., from a decision of the Assistant Commissioner of Patents, denying a petition of the appellant, seeking a cancellation of the registration of "The Bates Shoe" as a trade-mark of the appellee.

The record contains extended evidence, but the controlling facts are plain. In the year 1866 A. J. Bates and J. E. Bates were copartners, engaged in the wholesale and retail shoe business in New York City. In the year 1885 the firm, as part of its going business, established a shoe factory at Webster, Mass. From 1886 until 1905 the factory put out certain lines of shoes under the trade-name of "The Bates Shoe," chiefly but not exclusively for sale at the company's New York store. In the year 1905 the partnership was dissolved by mutual agreement, and the assets, including the factory and store, were divided between the two partners. In conformity with the terms of the agreement, the firm made over to the partner A. J. Bates the said factory, including all the property of the copartnership of every name and nature owned by the firm in and about Webster, Mass., consisting of all machinery, tools, implements, lasts, and other personal property used in the manufacture of shoes at the "plant of said firm" in Webster, including all merchandise and stock on hand, whether raw material, finished or unfinished, all bills receivable standing on the books of the firm at Webster, whether in the name of the firm or in the name of the Webster Shoe Company, all notes payable to said firm at Webster, all cash on hand or in bank in Webster, all unexpired insurance, "and other assets of every name and nature pertaining to the business at Webster, Mass., intending to include hereby not only the items above specifically mentioned, but all others that may be there located." By the terms of the agreement the partner, J. E. Bates, acquired the New York store.

The trade-mark now in question had not been registered prior to this time, but in January, 1906, the appellee, A. J. Bates Company, as assignee of A. J. Bates, filed an application for its registration, and it was regularly registered on June 5, 1906, under the 10-year clause of section 5 of the Act of February 20, 1905 (Comp. St. § 9490). The mark has been used continuously by A. J. Bates and the appellee, as his successor, at the Webster factory since that time.

The appellant, J. E. Bates & Co., Inc., in succession to J. E. Bates, continued the business of the New York store, and in 1918 also established a factory for the manufacture of shoes. In 1922 the appellant filed the present petition for a cancellation of the trade-mark in question. The petition was sustained by the Examiner of Interferences, but upon appeal was dismissed by the Assistant Commissioner of Patents.

The facts above recited fully justify the conclusion that the transfer to A. J. Bates of the Webster factory, with all of its assets, carried with it all of the firm's rights in and about the factory as a going business, including the trade-marks or trade-names under which the factory's production had been put out and marketed, and that among these was the mark "The Bates Shoe," which at the time of the dissolution had been in continuous use by the factory for more than 10 years. Accordingly, under the 10-year provision of the statute, the registration of the mark was lawful, and the Assistant Commissioner was correct in denying the appellant's petition for its cancellation.

The decision is therefore affirmed.